USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-16-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN L. MAJDANSKI,

        Plaintiff,

- against -

M.D.C. BROOKLYN, et al.,

        Defendants.

**REPORT AND RECOMMENDATION**

13-CV-4483 (LTS) (RLE)

**TO THE HONORABLE LAURA TAYLOR SWAIN, U.S.D.J.:**

## I. INTRODUCTION

On June 25, 2013, *pro se* Plaintiff Johnathan Majdanski ("Majdanski") commenced this action pursuant 42 U.S.C. § 1983. (Doc. No. 1.) United States District Judge Laura Taylor Swain referred the case to the undersigned for general pretrial purposes on July 26, 2013. (Doc. No. 4.) Because Majdanski has not contacted the Court since October 18, 2013, I recommend that the Court **DISMISS THIS CASE WITHOUT PREJUDICE** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

By Order dated March 31, 2014, the Court ordered the U.S. Attorney's Office to ascertain the identities of Defendants "Rosa" and "Gerson" to enable Majdanski to effect service upon them. (Doc. No. 7.) On April 23, 2014, the U.S. Attorney's Office responded to the Court's Order by identifying Defendants as Soraya Rosa and Brian Gerson, and by indicating that they may be served at: MDC Brooklyn, 80 29th Street, Brooklyn, NY 11232. (Doc. No. 8.) Additionally, the U.S. Attorney's Office informed the Court that Majdanski had been released from prison and provided his last known forwarding address: 1360 Plimpton Ave. #3D, Bronx, NY 10452. (*Id.*) The Court mailed all further correspondence to the address provided.

On August 8, 2014, the Court ordered Majdanski to file an Amended Complaint naming Soraya Rosa and Brian Gerson as Defendants. (Doc. No. 9.) When Majdanski failed to file an Amended Complaint, the Court ordered him to show cause why he has not filed an Amended Complaint and again ordered him to file an Amended Complaint by October 31, 2014. (Doc. No. 10.) As of March 16, 2015, Majdanski has not submitted an Amended Complaint or otherwise contacted the Court.

### III.   DISCUSSION

The district court has discretion to dismiss cases for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (*citing Harding v. Fed. Reserve Bank of New York*, 707 F.2d 46 (2d Cir. 1983)). "A District Court may, *sua sponte,* dismiss an action for lack of prosecution." *Id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). The Second Circuit, however, has added a caveat to this discretionary power, cautioning that dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (*citing Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). Dismissal should be determined in "light of the whole record." *Lucas*, 84 F.3d at 535. The Second Circuit has further advised district courts to "be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." *Id.* (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Accordingly, the Second Circuit has established the following factors in determining whether a *pro se* litigant's case should be dismissed for lack of prosecution under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a

balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535 (citing *Jackson v. City of N.Y.*, 22 F.3d 71, 74-76 (2d Cir. 1994) and *Alvarez*, 839 F.2d at 932).

In the present case, Majdanski has not communicated with the Court since October 18, 2013. In its last Order, the Court warned Majdanski that his failure to actively litigate his case would result in its dismissal. Further delay of the proceedings would prejudice Defendants, and would unnecessarily impact the Court's docket. The Court recommends that dismissal without prejudice under 41(b) is warranted.

## IV. CONCLUSION

Because Majdanski has failed to pursue his claim, and because he failed to comply with the Court's Order despite warning of dismissal, I recommend that the above-entitled action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the Chambers of the Honorable Laura Taylor Swain, 500 Pearl Street, Room 1320, New York, NY 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 1970, New York, NY 10007. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985);

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d)

**SO ORDERED this 16th day of March 2015**
**New York, New York**

*/s/ Ronald L. Ellis*
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

A copy of this Report and Recommendation was sent to:

Jonathan L. Majdanski
1360 Plimpton Ave. #3D
Bronx, New York 10452